IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| DANIEL JAMES CARROLL<br>a/k/a DANIEL J. CARROLL<br>a/k/a DANIEL CARROLL<br>a/k/a DAN CARROLL | BANKRUPTCY NO. 24-11836(AMC) |
| Debtor | |

**APPLICATION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
TO EMPLOY PAX LEGAL, LLC AS SPECIAL COUNSEL IN CONNECTION TO
LITIGATION AGAINST FB WESLEYAN LLC, *ET AL.* PURSUANT
TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED. R. BANKR. P. 2014**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Daniel James Carroll a/k/a Daniel J. Carroll a/k/a Daniel Carroll a/k/a Dan Carroll (the "Debtor"), hereby submits this application to employ PAX Legal, LLC ("PAX") as special counsel in connection to litigation against FB Wesleyan LLC, *et al.* pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014 (the "Application"), and in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

## BACKGROUND

### A. Procedural Background

4. On May 30, 2024 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5. On May 31, 2024, the Trustee was appointed which appointment remains in effect.

### B. The Litigation against FB Wesleyan LLC, *et al.*

6. Prior to the Petition Date, the Debtor commenced litigation in the Court of Common Pleas of Philadelphia County against FB Wesleyan LLC, Joseph Spina and Jack McDavid (the "Litigation"). The Litigation is styled *Carroll v. FB Wesleyan LLC, et al.* and is pending at Case ID No. 230301203. The Litigation was commenced by the Law Offices of John J. Griffin, Esquire on behalf of the Debtor.

7. The Litigation relates to the disposition of proceeds from the sale of real property located at 2045-49 Trenton Avenue, Philadelphia, PA 19125.

8. The Litigation involves causes of action against FB Wesleyan LLC, Joseph Spina and Jack McDavid for breach of contract/breach of operating agreement, breach of fiduciary duty and unlawful conversion.

9. The Trustee wishes to employ PAX as special counsel to prosecute the Litigation for the benefit of the Estate.

10. The Trustee requires assistance with this matter. The Trustee believes it is most cost-effective, efficient, and in the best interest of the Estate to hire professionals who possess specific skills and extensive experience and knowledge in this field. The Trustee believes that PAX has the necessary experience and methods to expeditiously handle this matter.

11. Accordingly, the Trustee seeks to employ PAX to assist him with the Litigation so

that this asset can be administered in the most cost-effective manner with the maximum benefit for the Estate.

12. PAX will be paid on a contingency fee basis of forty percent (40%) of the gross recovery plus the reimbursement of expenses (the "Contingency Fee").

13. The Trustee will file an application with this Court in accordance with *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3rd Cir. 1994).

14. To the best of the Trustee's knowledge, PAX has no connection with the Debtor, creditors, or any other parties in interest, their respective attorneys or accountants pursuant to Fed. R. Bankr. P. 2014 except as set forth in the Verified Statement of Lida L. Bonner, Esquire attached hereto as Exhibit "A" and made a part hereof.

## RELIEF REQUESTED

15. By this Application, the Trustee requests that the Court enter an order authorizing him to employ PAX as special counsel to prosecute the Litigation for the benefit of the Estate pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

16. PAX has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

17. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

18. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other

professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

19. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

20. The Trustee contends that PAX's employment is necessary and in the best interest of the Estate.

21. The Trustee has determined that the services of PAX are needed and that the cost is warranted.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Trustee respectfully requests entry of an Order (i) authorizing the employment of PAX as special counsel and (ii) granting such other and further relief as this Honorable Court deems equitable and just.

                                              **Respectfully submitted,**

                                              **CHAPTER 7 TRUSTEE FOR THE ESTATE OF DANIEL JAMES CARROLL**

By: /s/ Robert W. Seitzer
Robert W. Seitzer, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Chapter 7 Trustee*

Dated: July 19, 2024