**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** : | CHAPTER 7 |
| : | |
| **DANIEL JAMES CARROLL** : | BANKRUPTCY NO. 24-11836(AMC) |
| a/k/a **DANIEL J. CARROLL** : | |
| a/k/a **DANIEL CARROLL** : | |
| a/k/a **DAN CARROLL** : | |
| : | |
| **Debtor** : | |
| : | |

## VERIFIED STATEMENT

In accordance with Fed. R. Bankr. P. 2014, I, Lida L. Bonner, Esquire, hereby state as follows:[1]

1. I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania.

2. I am a founder and owner of PAX which maintains an office at 600 West Germantown Avenue, Suite #400, Plymouth Meeting, PA 19462.

3. To the best of my knowledge, information and belief, neither I, nor any member of PAX, have any connection with any party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

4. Neither I, nor PAX, have any interest adverse to the Estate in the matters upon which the firm or myself are to be engaged.

5. Prior to the Petition Date, PAX was employed by the Debtor in connection to the litigation styled *Carroll v. Peters, et al.* pending in the Court of Common Pleas of Philadelphia County at November 2023 Term, Case ID No. 02221. Thereafter, the Trustee retained PAX as his special counsel in connection to this litigation pursuant to a Court Order entered on July 8, 2024.

6. PAX was also employed by the Debtor in connection to litigation commenced by

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Application.

Stuart Oram (the "Oram Matter"). PAX is owed approximately $6,000.00 in connection to the Oram Matter for which it is not waiving its claim. PAX will no longer represent the Debtor in connection to the Oram Matter.

7. PAX was not employed by the Debtor in connection to the Litigation.

8. PAX received no payments from the Debtor on or within ninety (90) days of the Petition Date.

9. The Contingency Fee is customary in the market for litigation of this nature and is the same rate PAX typically charges for other bankruptcy and non-bankruptcy engagements.

10. PAX further understands and agrees that:

a. PAX and I are obligated to keep the Trustee fully informed as to all aspects of this matter, as the Estate is my client, not the Debtor, until such time as the claim in question is abandoned by the Trustee, as shown by a written notice of such abandonment.

b. All proceeds of any settlement or recovery must be paid to the Trustee in the first instance, and none may be disbursed without either approval in writing by the Trustee or an Order of the Bankruptcy Court.

c. If this Application for appointment is approved, any fees or reimbursement of costs for the proceeds of any recoveries will be paid by the Trustee only after approval by the Bankruptcy Court.

d. No settlements may be entered into or become binding without the approval of the Bankruptcy Court and the Trustee, after notice to the Trustee, creditors and parties in interest.

e. All issues as to attorneys' fees, Debtor's exemptions, the distribution of any recovery between the Debtor and the Trustee or creditors, or any other issue which may come to

be in dispute between the Debtor and the Trustee or creditors are subject to jurisdiction of the Bankruptcy Court. Neither I, nor any other attorney or associate of PAX, will undertake to advise or represent the Debtor as to any such matters or issues. Instead, PAX will undertake to obtain the best possible result on the claim, and will leave to others any advice or representation as to such issues.

      f.    PAX is not authorized to grant any "lien" upon, offer to protect payment of any claim for services out of, or otherwise pledge or encumber in any way any part of any recovery without separate Order of this Court, which may or may not be granted.

      g.    As part of this representation, I will need to hire experts to advise and assist in the conduct of prosecuting the Litigation, specifically, liability or forensic experts, vocational or economic experts, or other experts on issues of liability or damages. In this regard, I agree that:

      i.    I, or PAX, will pay or advance any fees or cost retainers required by such experts with the understanding that such payment or advance will be included as a cost in any subsequent fee application I, or PAX, will make to this Court.

      ii.    Such fees or expenses of such experts are subject to reimbursement only by the Estate, upon approval of this Court, to be paid as an administrative expense in this bankruptcy case pursuant to 11 U.S.C. § 726, out of proceeds of any settlement or recovery in connection to the prosecution of the Litigation.

11.    I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

                                          PAX LEGAL, LLC

                                          By: _____
                                                Lida L. Bonner, Esquire

Dated: July ___, 2024