UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 24-11836-AMC |
| DANIEL CARROLL | : | |
| | : | |
| | : | |
| _____ | | |
| STREET ROAD PARTNERS LLC, SERIES 3 | : | |
| | : | |
| | : | ADVERSARY NO. 24-00113-AMC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARROLL, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF STREET ROAD PARTNERS, LLC SERES 3, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff, Street Road Partners LLC, Series 3 ("Street Road"), by and through its counsel, hereby respectfully submits this Memorandum of Law in support of its Motion to Dismiss Defendant's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof avers as follows:

**I.    BACKGROUND**

On or about May 30, 2024, Defendant, Daniel Carroll ("Carroll"), filed the underlying chapter 7 bankruptcy in the Eastern District of Pennsylvania under Case No. 24-11836-AMC.

On or about September 5, 2024, Street Road filed its Complaint to Determine Dichargeability and in Objection to Discharge of its debt in the bankruptcy action in the matter of

In re: Daniel Carroll, Case No. 24-11836-AMC filed in the Eastern District of Pennsylvania. A true and correct copy of Plaintiff's Complaint and exhibits are attached hereto as Exhibit "A".

On November 6, 2024, Defendant, Daniel Carroll ("Carroll"), filed an Answer to Street Road' Complaint which contains Affirmative Defenses, Counterclaims and Facts in support.

Carroll raises claims of Harassment, Abuse of Process, and Intentional Infliction of Emotional Distress. A true and correct copy of Defendant's Answer, Affirmative Defenses, and Counterclaims are attached to Street Road's Motion as Exhibit "B". All of the claims are legally insufficient and should be dismissed as a matter of law.

## II.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010). The pleading standard is not "detailed factual allegations," but it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

## III.    ARGUMENT

Carroll's Counterclaim offers only conclusory allegations in support. The facts offered by Carroll in his Response provide no support or relate in any way to the Counterclaim. Notably, Carroll's Counterclaim does not provide a demand for relief sought.

2

A.    **The Harassment Claim.**

Carroll's harassment claim alleges that Carroll alleges that Street Road "appears to be leveraging this legal action as a means to exploit the defendant's vulnerable financial position…." See Ex. B at Section C, ¶ 1.

However, Carroll's claim for harassment has no legal basis as this claim is related to a criminal matter or an employment claim. Street Road has found no authority for the assertion of a harassment claim in the context of a civil matter or bankruptcy action.

B.    **The Abuse of Process Claim.**

With respect to his abuse of process claim, Carroll alleges that Street Road's "repeated legal filings are designed to pressure and financially drain" him. See Ex. B at Section C, ¶ 2. However, this claim has not been properly pled.

In Zappala v. Hub Foods, Inc., 683 F.Supp. 127 (W.D. Pa. 1988), defendants asserted counterclaims for abuse of process claiming that plaintiff instituted the action solely for the purpose of harassing defendants and diminishing their ability to continue actions against and/or involving plaintiffs. The Court dismissed the counterclaims finding that the claims did not fall under the rubric of "abuse of process." See Ex. B at Section C, ¶ 3. See Edwards v. Wyatt, 2001 WL 1382503 (E.D.Pa. Nov. 5, 2001)(Exhibit C)(showing that the judicial process was initial with a bad motive is not enough as an allegation of coercive use of the process is required).

C.    **Intentional Infliction of Emotional Distress.**

Carroll asserts that due to Street Road filing its claims during a bankruptcy has caused "substantial emotional harm" to him.

In Edwards, supra, the Court explained the requirements for asserting a claim for intentional infliction of emotional distress:

3

Pennsylvania courts follow the Restatement formulation of the tort of intentional infliction of emotional distress. Pavlik v. Lane Limited/Tobacco Exporters Int'l, 135 F.3d 876, 890 (3d Cir.1998). The Restatement states, "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it for such bodily harm." Restatement (Second) of Torts § 46 (West 2001). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community." Pavlik, 135 F.3d at 890. Furthermore, a threshold requirement for this tort is an allegation of physical harm. Hart, 647 A.2d at 554 (citing Kazatsky v. King David Mem'l Park, 515 Pa. 183, 527 A.2d 988 (1987)).

In the present case, Carroll has not asserted outrageous or reckless conduct. Moreover, Carroll has failed to allege any physical injury or harm, and therefore, his counterclaim for intentional infliction of emotional distress must fail as a matter of law.

**D.      The Counterclaim Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

28 U.S.C. 1334(b) provides as follows:

**(b)** Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

With respect to Counterclaims based on state-laws claims, Bankruptcy Courts have determined tha that a bankruptcy court shall have jurisdiction to hear claims that "arises under" the bankruptcy code or "arises in" the bankruptcy case thus to constitute a core proceeding it must be "'an action that has as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a environment although of necessity there may be a peripheral state law involvement.'"   In re Akl, 397 B.R.  546 (U.S.B.C., District of Columbia 2008) (citation omitted).

4

The Court in In re Akl, supra, found that the proceedings that do not concern the administration of the case are not proceedings "arising in" the case. Id. at 550. On this basis, the Court dismissed counterclaims for abuse of process, malicious prosecution and intentional infliction of emotional distress.

The counterclaims at issue do not concern the administration of the bankruptcy actions, and therefore, the claims should be dismissed.

## IV. CONCLUSION

Based on Federal Rule of Civil Procedure 12(b)(6), Defendant's Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

        Respectfully submitted,

        **GREEN, SILVERSTEIN, & GROFF, LLC**

        By:/s/Joseph B. Silverstein
            Joseph B. Silverstein, Esquire
            Daniel P. Muklewicz, Esquire
            Attorney for Creditor/Plaintiff
            215 S. Broad Street, 5th Floor
            Philadelphia, PA 19107
            (215) 972-5520
            jsilverstein@gsglawfirm.com
            dmuklewicz@gsglawfirm.com

November 27, 2024