# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Daniel James Carroll
Debtor(s)
Case No. 24-11836-amc

**Street Road Partners LLC, Series 3**
Plaintiff

v.

**Daniel Carroll**
Defendant
Adversary No. 24-00113-amc

### Section 1: The Parties Answering the Filing to the Complaint

| | |
|---|---|
| Name | Daniel Carroll |
| Street Address | 349 Croton Road |
| City and County | Wayne, Chester County |
| State and Zip Code | Pennsylvania, 19087 |
| Telephone number | 215-880-8225 |
| Email Address | Dancarroll89@gmail.com |

### Section 2: THE DEFENDANT'S ANSWER AND DEFENSES TO ADVERSARY COMPLAINT

**A: Answering the Claims made by the Plaintiff**
The Defendant, Daniel Carroll, hereby files this Answer to the Complaint filed by Street Road Partners LLC, Series 3 in the above-captioned adversary proceeding, and in support thereof, states as follows:

**Parties:**

1. Admit.
2. Admit.

**Facts:**
3. Deny.
4. Admit.
5. Deny.
6. Admit.
7. Deny.
8. Deny.

9. Deny.
10. Deny.
11. Deny.
12. Deny.
13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.
14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.
15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.
16. Deny.
17. Deny.
18. Deny.
19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.
20. Deny.
21. Deny.
22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.
23. Deny.

**Claim for Relief:**
24. Deny.
25. Deny.
26. Deny.
27. Deny.

**Section B: Defenses to Advisory Complaint**

**1 Improper Party:** The claim is improperly directed against Daniel Carroll personally, rather than Bulldog Real Estate Properties, which holds a 50% ownership interest in the entity in question. As such, this claim is misapplied to the wrong party, as the obligations and liabilities associated with the business activities pertain to Bulldog Real Estate Properties and not to Mr. Carroll individually.

**2 Failure to State a Claim:** The plaintiff's fails to state a claim as required under 11 US code section 523 (a) (2) and fails to allege elements of fraud or elements in the statue.

**3 Lack of Jurisdiction / Improper Party**
The plaintiff has failed to establish jurisdiction over the correct party. Defendant asserts that Bulldog Real Estate Properties, a separate legal entity that holds a 50% ownership interest in the property at issue, is the appropriate party in interest, not Daniel Carroll

individually. As such, the plaintiff's claims against the defendant individually lack standing and should be dismissed.

**4 Failure to Plead Elements of Fraud**

The plaintiff's complaint fails to meet the legal requirements for alleging fraud. Specifically, the plaintiff has not adequately pled the elements of fraud as required by law, including:

1. Fraudulent Misstatement: No false statements were made by the defendant.

2. Material and Relevant Misstatement: The timing of the LLC's formation and subsequent investments are irrelevant to the plaintiff's alleged damages.

3. Knowledge of Falsity: Defendant did not knowingly make any false statements.

4. Reasonable Reliance: As a sophisticated investor, the plaintiff had a duty to perform independent due diligence and cannot reasonably rely on alleged statements without verification.

5. Intent to Deceive: The defendant had no intent to deceive; the plaintiff was actively involved in managing renovation funds, approving reimbursements, and controlling bank account transactions.

6. Proximity to alleged injury: Any allegation of the formation of the LLC are so far removed from the alleged injuries that they are not related.

The plaintiff's failure to address these elements in detail demonstrates a lack of legal sufficiency, warranting dismissal of the fraud claim.

**5 Unclean Hands and Estoppel**

Plaintiff is barred from seeking relief under the doctrines of unclean hands and estoppel. Plaintiff breached the operating agreement by failing to disclose an unauthorized loan from Sigovich, a material fact required by the operating agreement. Plaintiff represented this loan as a personal contribution, which misled other LLC members and the defendant. The lack of transparency only surfaced later, during the property's settlement. Plaintiff's own misconduct prevents them from asserting claims based on alleged breaches of the same agreement.

**6 Waiver, Accord, and Satisfaction**

Plaintiff's claims are barred under the doctrines of waiver, accord, and satisfaction. The operating agreement, established on March 7, 2017, was effectively satisfied with the purchase of the property at 742 Bainbridge in July 2020. Any misstatements or disputes preceding this purchase are deemed waived by plaintiff's ongoing participation in and benefits derived from the transaction, thereby precluding further claims.

**7 Impossibility and Force Majeure**

The effects of the COVID-19 pandemic, an unforeseen and uncontrollable event, substantially impacted real estate market conditions, causing unavoidable delays and price

fluctuations. As such, performance under the agreement became impracticable. Defendant's inability to meet the original expectations was due to circumstances beyond their control, and plaintiff's claims should be dismissed under the doctrine of force majeure.

**8 Damages and Return of Capital Contributions**
The plaintiff's claims for reimbursement of capital contributions lack merit. The operating agreement explicitly states that members are not entitled to a return of their capital contributions or any interest thereon. Plaintiff's demand for repayment of investment funds is therefore barred by the terms of the agreement, which governs all financial obligations.

**9 Unjust Enrichment**
Plaintiff's claims constitute an attempt at unjust enrichment. Plaintiff selected the original listing agents from Coldwell Banker in Old City for personal business gain, intending to secure referrals for his title company. After the initial realtors failed to perform, plaintiff's son was hired to list and sell the property. Plaintiff now seeks to recover damages based on his own business decisions, attempting to gain financially from the defendant's work and efforts.

**10 Frustration of Purpose**
The purpose of the agreement has been frustrated by plaintiff's conduct. Plaintiff agreed to perform title work essential for selling the property, but later reneged on this commitment. Had plaintiff fulfilled their promise, the initial sale would have concluded, avoiding further delays and associated costs. Additionally, plaintiff's selected realtors at Coldwell Banker 11 months were heavily involved in renovation decisions, including the property's finishes. Plaintiff now claims these design choices undermined the property's marketability, thus contradicting his own actions. This frustration of purpose defense warrants dismissal of plaintiff's claims.

**Section C: Counterclaim**

**1 Harassment:** The plaintiff's actions, pursued during a financially and emotionally taxing bankruptcy proceeding, constitute harassment. The plaintiff appears to be leveraging this legal action as a means to exploit the defendant's vulnerable financial position, imposing undue stress and hardship.

**2 Abuse of Process:** The plaintiff's repeated legal filings during bankruptcy proceedings are designed to pressure and financially drain the defendant, not to seek a legitimate legal resolution. This misuse of the legal process is an attempt to gain an improper advantage by exploiting the defendant's bankruptcy.

**3 Intentional Infliction of Emotional Distress:** Filing unsupported claims during bankruptcy causes substantial emotional harm, adding unnecessary stress to an already difficult financial period. The plaintiff's conduct is extreme and calculated to inflict distress under circumstances where the defendant is especially vulnerable.

**Facts:**

1. The Pickle Factory LLC was formed on March 7, 2017. (Exhibit 4)
2. Bulldog Real Estate Partners holds a 50% ownership interest in Pickle Factory LLC. (Exhibit 4)
3. Mr. Carroll does not personally own Pickle Factory LLC; ownership is held through Bulldog Real Estate Partners. (Exhibit 4)
4. Mr. Wade coordinated the setup of Pickle Factory LLC using his contacts at Cohen, Willworth, and Marriccini. (Exhibit 3)
5. Pickle Factory LLC purchased 1841-43 N 19th Street, Philadelphia, PA, in March 2017.
6. 1841-43 N 19th Street, Philadelphia, was sold by Pickle Factory LLC in August 2018. (Exhibit 2)
7. Each partner received ordinary income of $70,959 for the sale of 1841-43 N 19th Street. (Exhibit 1)
8. Following the sale of 1841-43 N 19th Street, Mr. Wade expressed interest in pursuing additional real estate investments with Pickle Factory LLC.
9. 742 Bainbridge Street, Philadelphia, PA, was acquired by Pickle Factory LLC in June 2020.
10. At the time of Pickle Factory LLC's formation in March 2017, Mr. Wade had no knowledge of the future opportunity to invest in 742 Bainbridge.
11. COVID-19 restrictions impeded construction efforts in Philadelphia, affecting the project timeline.
12. Mr. Wade is the owner of Knights Abstract, a title company.
13. Mr. Wade has been recognized as a real estate expert, having appeared on a podcast to share his knowledge.
14. Mr. Wade is an experienced real estate investor with multiple prior investments.
15. Mr. Wade agreed to handle the title work for the acquisition and sale of 742 Bainbridge.
16. Mr. Wade recommended Mr. Tom Del Colle of Coldwell Banker be retained to list 742 Bainbridge.
17. Mr. Wade sought to increase referrals to his title business within Mr. Del Colle's office.
18. Margaret Del Colle, the spouse of Mr. Tom Del Colle, was responsible for selecting finishes used in the renovation of 742 Bainbridge.
19. Mr. Wade recommended Spring Garden Lending as the financing source for 742 Bainbridge.
20. Mr. Wade intended to build relationships with Spring Garden Lending to increase referrals for his title business.
21. Mr. Wade represented that he was personally providing funds to support the purchase of 742 Bainbridge.
22. No agreement was made among the members of Pickle Factory LLC regarding obtaining a loan for the deposit on 742 Bainbridge.
23. No agreement was made among the members of Pickle Factory LLC for accrual and payment of interest on a loan for the deposit to purchase 742 Bainbridge..
24. Plaintiff fails to allege the elements of fraud.
25. Plaintiff fails to allege a specific misrepresentation.
26. Plaintiff fails to allege a proximity of injury.

27. Plaintiff fails to allege reliance.
28. Plaintiff fails to allege intent to deceive.
29 Plaintiff fails to allege knowledge of falsity.
30. Plaintiff fails to allege basis for piercing the corporate veil.
31. Plaintiff fails to allege inadequate capitalization.
32. Plaintiff fails to allege commingling of funds.

### Section D Relief Sought

**Prayer for Relief:**

Based on the reasons outlined above, the Defendant, Daniel Carroll, respectfully requests that the Court:

1. Dismiss the Objection to Discharge Debt filed by Plaintiff Street Road Partners LLC, Series 3, as the claims lack merit and fail to establish grounds for denial of discharge.

2. Grant a Discharge of Debt for the Defendant in accordance with the Bankruptcy Code, recognizing that there was no fraudulent intent or wrongdoing in the Defendant's actions.

3. Award any Additional Relief the Court deems just and proper in favor of the Defendant, including but not limited to attorney's fees and costs associated with defending against this objection.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims in their entirety, or in the alternative, enter judgment in favor of Defendant and for such other and further relief as the Court deems just and proper.

**Dated:** November 5th, 2024

**Respectfully submitted,**

Daniel Carroll
Defendant
349 Croton Road, Wayne, PA 19087
215-880-8225
Dancarroll89@gmail.com